UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and DEFENDERS OF WILDLIFE) <br><br> Plaintiffs <br><br> v. <br><br> GALE NORTON, Secretary of the Interior and STEVEN WILLIAMS, Director U.S. Fish & Wildlife Service, <br><br> Defendant. <br><br> and <br><br> COALITION OF ARIZONA AND NEW MEXICO COUNTYS FOR STABLE ECONOMIC GROWTH <br><br> Defendant-Intervenors | Civ. Case No. 1:03-cv-01558-RCL <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

Plaintiffs Center for Biological Diversity and Defenders of Wildlife ("Plaintiffs") and Gale Norton, Secretary of the Interior, and Steven Williams, Director of the U.S. Fish & Wildlife Service (together, "Federal Defendants"), acting in their official capacity, say as follows:

WHEREAS, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533, the U.S. Fish & Wildlife Service (Service) published in the Federal Register a decision to list *Panthera onca* ("the jaguar") as an endangered species, but determined that designation of critical habitat for the jaguar was not prudent, 62 Fed. Reg. 39147 (July 22, 1997);

WHEREAS, Plaintiffs filed, on July 21, 2003, a *Complaint* against Federal Defendants in which the First Claim for Relief alleged that Defendants' not prudent critical habitat determination violated the ESA, 16 U.S.C. §§1533(a)(3) and 1540(g), and the Administrative Procedure Act (APA), 5. U.S.C. §§701-706;

WHEREAS, Plaintiffs' Second Claim for Relief in the *Complaint* alleged that the Federal Defendants failed to develop a recovery plan for the jaguar, in violation of the ESA, 16 U.S.C. §1533(f) and the APA, 5 U.S.C. §§701-706;

WHEREAS, Federal Defendants filed an *Answer* to the *Complaint* on October 29, 2003;

WHEREAS, Federal Defendants filed, on February 11, 2004 a 12-volume Administrative Record supporting their not prudent critical habitat determination for the Jaguar;

WHEREAS, in response to Plaintiffs' written discovery requests, Federal Defendants also produced nine volumes of documents related to the jaguar and recovery planning;

WHEREAS, Federal Defendants informed Plaintiffs of ongoing ESA consultations for activities that affect the jaguar, pursuant to 16 U.S.C. §1536;

WHEREAS, Plaintiffs and Federal Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to either of the two claims in Plaintiffs' *Complaint*, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution;

WHEREAS, the parties agree that venue is proper and this Court has jurisdiction over the parties and subject matter of this action;

WHEREAS, all parties agree that settlement of this matter is in the public interest and is an appropriate way to resolve the dispute between them;

WHEREAS, Defendant-Intervenors support this settlement, but incur no benefits or burdens pursuant to its terms;

THEREFORE, THE PARTIES AGREE AND STIPULATE TO THE FOLLOWING:

1. Federal Defendants, acting through the U.S. Fish and Wildlife Service, shall submit for publication in the <u>Federal Register</u>, on or by July 3, 2006, a new determination as to whether designation of critical habitat for the jaguar is prudent, pursuant to the ESA, 16 U.S.C. §1533.

2. Upon approval of this Agreement by the Court, Plaintiffs' *Complaint* shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), and the Court's approval shall apply to and be binding upon the parties hereto and anyone acting on their behalf, including successors, employees, agents, elected and appointed officers, and assigns.

3. Upon receipt of the order of the Court dismissing the *Complaint*, Federal Defendants will send a check in the amount of $12,750.00 to:

>   Jay Tutchton
>   Center for Biological Diversity
>   Environmental Law Clinic
>   University of Denver, College of Law
>   2255 E. Evans Ave.
>   Denver, CO 80208

This constitutes payment of all reasonable attorney's fees associated with the dispute over the jaguar critical habitat determination incurred in this case, and on this issue, Plaintiffs are acknowledged as the prevailing party. However, Plaintiffs waive any further claim to attorney's fees concerning all other aspects of this litigation, except as to future work undertaken in any dispute over compliance with the terms of this settlement agreement.

4. Federal Defendants agree to submit all necessary paperwork to funding authorities at the Department of the Treasury within twenty (20) business days of receipt of the signed court order approving this stipulation.

5. This stipulated settlement agreement has no precedential value and its contents shall not be used as evidence in any other attorneys' fees litigation. By this agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation.

6. Plaintiffs reserve the right to file a new complaint in the future, but no sooner than July 3, 2006, alleging that:

>   a. the Service has unreasonably delayed or otherwise failed to complete a recovery plan for the jaguar, in violation of the ESA or APA, or

      b.    the Service's future agency actions associated with the designation of critical habitat for the jaguar violated the ESA or APA.

    7.    Any future disputes based on paragraph 6 above will be based on a new administrative record, and other documents available at the time the complaint is filed, in accordance with applicable law. The parties explicitly recognize that events which have occurred between July 22, 1997, and the date of this Agreement concerning Defendants' work on a recovery plan for the jaguar will be potentially relevant and admissible in any future litigation alleging Defendants have unreasonably delayed preparing a recovery plan. Nothing in this Agreement, or in the dismissal of this lawsuit with prejudice, shall be interpreted to affect the relevance or admissibility of evidence in a later proceeding.

    8.    By entering into this Agreement, Plaintiffs and Federal Defendants do not waive any present or future claims or defenses on any grounds.

    9.    The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.

    10.    Federal Defendants assert that no provision of this Agreement shall be interpreted to constitute a commitment or requirement obligating the Service to pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. Plaintiffs assert that (a) this Agreement and its terms do not create a conflict with the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(B), because the duty to designate critical habitat is required in non-discretionary terms by the ESA; and (b) the Anti-Deficiency Act would not excuse compliance with this pre-existing, court-approved Agreement. Plaintiffs intend to assert this position if Federal Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Federal Defendants reserve all legal and equitable defenses to such a claim.

    11.    Either party may seek, by mutual agreement or motion to the Court, to extend the deadline for any actions specified in Paragraph 1, above. In that event, or in the event of a dispute arising out of or relating to this Settlement, the parties agree to meet and confer

(in-person not required) at the earliest possible time in a good-faith effort to resolve the matter before bringing any matter to this Court. If the parties are unable to resolve the dispute within 10 days after notice of a potential dispute is given to the potentially opposing party, either party may seek the appropriate relief by bringing the matter to the attention of this Court.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the Federal Defendants take action in contravention of the ESA, APA, or any other law or regulation, either substantive or procedural.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

Dated: 9/22/2004

ATTORNEYS FOR PLAINTIFFS

MICHAEL SENATORE
Defenders of Wildlife
1130 17th Street NW
Washington DC 20036

JAMES J. TUTCHTON
Center for Biological Diversity
5757 Ivanhoe Street
Greenwood Village CO 80111

Dated: 9/24/2004

ATTORNEYS FOR DEFENDANT-INTERVENORS

KAREN BUDD-FALEN
Budd Falen Law Offices
300 East 18th Street
P.O. Box 346
Cheyenne, WY 82003

Dated: 9/24/2004

ATTORNEYS FOR FEDERAL DEFENDANTS

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Deputy Section Chief
Wildlife & Marine Resources Section

KEITH W. RIZZARDI, Trial Attorney
Trial Attorney
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369